**GREAT ATLANTIC v. DAVIS**
Case No. 84-591
County Court, Orange County
February 28, 1984

Carroll Barco, for plaintiff.

Jay Rose, Greater Orlando Area Legal Services, for defendant.

GEORGE A. SPRINKEL, IV., County Judge.

This cause having come before the Court on Defendants' Motion to Dismiss, with both parties being represented by counsel, and the Court being fully advised in the premises, the Court finds as follows:

The Defendant resides in a federally subsidized apartment complex known as Lake Mann Garden Apartments. The complex is insured under Section 236 of the National Housing Act and governed by the Department of Housing and Urban Development eviction regulations found at 24 CFR 450, as well as applicable Florida law.

The regulations provide that no termination shall be valid unless it is in accordance with the provisions of Section 450.5. 24 CFR 450.3(a)(3). Section 450.4(a) states:

> (a) Requisites of termination notice. The landlord's determination to terminate the tenancy shall be in writing and shall: (1) State that the tenancy is terminated on a date specified therein; (2) state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense; (3) advise the tenant that if a judicial proceeding for eviction is instituted the tenant may present a defense; and (4) be served on the tenant in the manner prescribed by paragraph (b) of this section.

The termination notice dated January 23, 1984, did not advise Defendant that if a judicial proceeding for eviction is instituted the tenant may present a defense. This makes the notice defective even though Defendant was able to present a defense and even though the Summons advised him of this right to file an Answer.

Under Florida law, compliance with statutory prerequisites (such as proper notice) must be alleged with specificity to state a cause of action. Furthermore, Florida law requires strict adherence to contractual, statutory, and common law requirements of proper notice terminating the tenancy prior to the institution of an eviction action. Therefore, it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss is granted. Plaintiff shall have 30 days to amend their complaint.